# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| John David Padgett, | ) | |
| | ) | Civil Action No.: 3:21-cv-01157-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| City of Columbia Police Department; | ) | |
| Chief Holbrook; Sgt. Brown; Officer | ) | |
| Leach; Officer Surles; Officer Seavey; | ) | |
| Sgt. Baire; Investigator Seay; several | ) | |
| John Doe; and City of Columbia, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff John David Padgett, who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants under 42 U.S.C. § 1983. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge in May 2021 ("Report"). (ECF No. 8.) The Report recommended the court dismiss this case "without prejudice and without issuance and service of process" because Plaintiff failed to state a claim for which relief could be granted. (*Id.* at 1.) Plaintiff entered a Reply to the Report stating he accepted and "agree[d] with the Report's recommendation." (ECF No. 11.) For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 8) and **DISMISSES** the instant case without prejudice and without issuance and service of process.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. In essence, Plaintiff claims City of Columbia police have engaged in a "long term, ongoing criminal conspiracy to profile him based on his socioeconomic status." (ECF No. 8 at 1 (citations and internal marks omitted).) Plaintiff insists the police have been apathetic or unfair to him on several occasions, including when: his widowed stepmother allegedly, *inter alia*, mowed over his flowers, destroyed his potted plant, removed a political sign, and threw away his planter boxes and a dog leash; a homeowner–who lived next to a tennis court that Plaintiff frequented–purportedly threatened and screamed at Plaintiff; and police initiated a traffic stop based upon a suspicion that Plaintiff sought to burglarize homes after he "drove slowly down the streets [of a neighborhood] and shined a flashlight out of the car window to look for [a lost] dog." (*Id.* at 1-5.)

The Magistrate Judge issued the Report in April 2021, suggesting this case be dismissed without prejudice. (*Id.* at 10.) The Magistrate Judge began by observing that, "[t]o state a[n Equal Protection] claim under § 1983, a plaintiff must allege: (1) . . . a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law." (ECF No. 8 at 6 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).) To sustain such a claim, the Magistrate Judge continued, Plaintiff must show "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." (ECF No. 8 at 7 (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)).)

Ultimately the Magistrate Judge concluded Plaintiff failed "to plausibly allege that he was treated differently from other similarly situated individuals or that such treatment was the result of intentional or purposeful discrimination." (ECF No. 8 at 7.) The Magistrate Judge pointed out

Plaintiff had not shown how his stepmother or the homeowner were similarly situated to himself. (*Id.* at 7-8.) The Magistrate Judge also mentioned "[t]he mere fact that the police believed the stepmother's and homeowner's versions of the events over Plaintiff's does not plausibly show that Plaintiff was treated differently from others similarly situated—those who called the police." (*Id.* at 8.) Additionally, the Magistrate Judge decided "Plaintiff's claim that his treatment by the police was based on his socioeconomic status, and that it was the result of a conspiracy within the police department, is not supported by any of his factual allegations." (*Id.* at 8.) The Magistrate Judge likewise concluded "Plaintiff's perception of his treatment and the existence of a conspiracy are speculative." (*Id.*) Regarding Plaintiff's due process claim, the Magistrate Judge determined he "does not have a constitutionally protected interest in the police conducting an investigation in a certain manner or in the police reaching a certain conclusion in their investigation." (*Id.*) The Magistrate Judge thus recommended dismissing the instant action without prejudice based on Plaintiff's failure to state a claim. (*Id.* at 9.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199

(4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, no party has objected to the Report and the court discerns no clear error on the face of the record.[2] The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated in the Report. Thus, as discussed, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 8) and **DISMISSES** this case without prejudice.

**IT IS SO ORDERED**.

J. Michelle Childs
United States District Judge

June 8, 2021
Columbia, South Carolina

---

[2] As noted above, "Plaintiff agrees with the Report's recommendation that the Complaint be dismissed without prejudice." (ECF No. 11.)